IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN TRAINAUSKAS, #Y10061, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17-cv-00816-SMY ) |
| BARTON J. FRALICKER, C/O McCARTHY, KENT E. BROOKMAN, CHAPLAIN KEIM and JACQUELINE LASHBROOK, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of Plaintiff's request to proceed as a poor person in this civil rights action that he filed *pro se* pursuant to 42 U.S.C. § 1983 on August 1, 2017. (Doc. 1). On that date, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 2). He seeks the Court's permission to proceed without prepaying the full $400 filing fee for this action. *Id*. Plaintiff represents that he is indigent. *Id*.

In support of this request, Plaintiff discloses a single source of income during the twelve months preceding his filing of the IFP Motion, *i.e.*, from August 1, 2016 until August 1, 2017. (Doc. 2, p. 1). Plaintiff asserts that he is a self-published author and receives $1000-$1,200 per year in royalties. *Id*. Beyond this, he discloses no other income, assets, gifts, etc. (Doc. 2, pp. 1-2). Plaintiff also discloses outstanding obligations of $200 per month in student loan repayments and approximately $600 in total court costs associated with his criminal conviction. *Id*.

1

Plaintiff offers no explanation in his IFP Motion for funds he has regularly received from third parties during the relevant time period. This includes money he received from Mary Trainauskas in the amount of $100 on January 30, 2017 and from Sarah Volk in the amount of $200 on January 20, 2017, $100 on January 28, 2017, $100 on January 31, 2017, $50 on March 1, 2017, and $100 on May 22, 2017. (Doc. 2, p. 5). Also conspicuously absent from the IFP Motion is any reference to the settlement amounts that were disbursed in each of three civil rights actions he settled in April 2017. *See Trainauskas v. O'Leary*, No. 14-cv-04437 (N.D. Ill.) (Doc. 101); *Trainauskus v. Adams*, No. 15-cv-00820 (N.D. Ill.) (Doc. 86); *Trainauskus v. Kaupas*, No. 15-cv-09318 (N.D. Ill.) (Doc. 73). The Court has reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) and located these three civil rights actions in the United States District Court for the Northern District of Illinois. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). All settlements were reached on or around April 11, 2017. *See Trainauskas v. O'Leary*, No. 14-cv-04437 (N.D. Ill.) (Doc. 101); *Trainauskus v. Adams*, No. 15-cv-00820 (N.D. Ill.) (Doc. 86); *Trainauskus v. Kaupas*, No. 15-cv-09318 (N.D. Ill.) (Doc. 73). Plaintiff did not disclose any of these settlements in his IFP Motion. However, a Stipulation and Order for Dismissal was entered in each of these three cases during the relevant time period, and he was required to disclose income he received in the past twelve months from "[a]ny other sources" not specifically identified in the IFP Motion. (Doc. 2, p. 1).

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . .

the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In this case, Plaintiff provided a certified copy of the trust fund account statement for the 6-month period immediately preceding the filing of the complaint as well as an executed affidavit stating his assets. Given that Plaintiff failed to disclose the funds he received from Sarah Volk, Mary Trainauskas, or pursuant to any settlement agreements during the relevant time period, the Court will require him to explain why he omitted this material information from his request for IFP status before deciding his IFP Motion and allowing him to proceed with this case.

**IT IS HEREBY ORDERED** that Plaintiff **SHOW CAUSE** within 30 days of the date of this **ORDER (on or before December 4, 2017)** why his IFP Motion should not be denied and/or this case dismissed, based on his failure to disclose material financial information in his IFP Motion, including funds he received from third parties (*i.e.*, including Sarah Volk, Mary Trainauskas, or pursuant to any settlement agreements entered between August 1, 2016 and August 1, 2017).

Plaintiff must file a signed affidavit setting forth a <u>complete</u> listing of all income or assets he acquired between August 1, 2016 and August 1, 2017. In his affidavit, Plaintiff must also disclose all funds he received from any third party, including, but not limited to, Sarah Volk, Mary Trainauskas, and/or made pursuant to a settlement agreement in a civil action involving Plaintiff. Further, Plaintiff is **WARNED** that his entire case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) if the Court finds that the allegations of poverty are/were

untrue. If Plaintiff fails to respond to this Order to Show Cause in a timely manner, the Court may dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to comply with a court order.

**The Court will defer threshold review of the Complaint pursuant to 28 U.S.C. § 1915A until Plaintiff complies with this Order.**

**IT IS SO ORDERED.**

**DATED: November 3, 2017**

                                                **s/ STACI M. YANDLE**
                                                **U.S. District Judge**