IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN TRAINAUSKAS, #Y10061, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17-cv-00816-SMY ) |
| BARTON J. FRALICKER, C/O McCARTHY, KENT E. BROOKMAN, CHAPLAIN KEIM and JACQUELINE LASHBROOK, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is, once again, before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2) and for consideration of Plaintiff's Responses (Docs. 10, 11 and 12) to the Court's Order to Show Cause (Doc. 7).

The allegation of poverty in Plaintiff's IFP Motion is untrue. (Doc. 2). He failed to disclose $10,000 that he received less than six months before filing this action. (Docs. 1, 2, 10, 11 and 12). Under the circumstances, the Court must deny Plaintiff's IFP Motion and dismiss this case. *See* 28 U.S.C. § 1915(e)(2)(A).

## Background

Plaintiff Brian Trainauskas is currently incarcerated at Stateville Correctional Center. On August 1, 2017, he filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by officials at Robinson Correctional Center and Menard Correctional Center. (Doc. 1). Along with the Complaint, Plaintiff filed an IFP Motion. (Doc.

2). In the IFP Motion, Plaintiff represented that he is indigent and unable to afford the $400 filing fee for this action. (Doc. 2, p. 1). He requested leave to proceed as a poor person without prepaying the full filing fee. *Id*.

Before screening the Complaint pursuant to 28 U.S.C. § 1915A, the Court deemed it necessary to address Plaintiff's IFP Motion. This was largely due to the fact that Plaintiff's request for pauper status was inconsistent with information set forth in the Complaint and trust fund statement. (Docs. 1 and 2). Specifically, in the Complaint, Plaintiff identified three or four civil rights cases that settled during the six months preceding this action. (Doc. 1, pp. 6-9). Additionally, his trust fund statement included several unexplained deposits from third parties during the relevant time period. (Doc. 2, pp. 5-6). In his IFP Motion, Plaintiff did not disclose the fact of or the amount of any settlement or list income he received from "any other sources," such as the third-party deposits in his trust fund account. (Doc. 2, pp. 1-2).

On November 3, 2017, this Court entered an Order to Show Cause requiring Plaintiff to demonstrate why his IFP Motion should not be denied and/or this case dismissed because of his failure to disclose accurate financial information in the IFP Motion. (Doc. 7). The deadline for responding to the Order to Show Cause was December 4, 2017, and Plaintiff requested an extension of the deadline.[1] *Id*. He submitted three separate Responses on November 29, 2017 (Doc. 10), December 5, 2017 (Doc. 11), and December 7, 2017 (Doc. 12), all of which the Court will now consider.

In his two initial Responses, Plaintiff confirmed that he did enter into a settlement agreement with Will County Jail. (Doc. 10, pp. 1-2; Doc. 11, pp. 2-3). He reached a monetary settlement in the amount of $10,000. (Doc. 11, p. 2). However, Plaintiff did not disclose the

---

[1] Soon after filing the Motion for Extension of Time (Doc. 9), Plaintiff filed each of his three Responses (Docs. 10-12) within a reasonable time of the deadline. The Court has considered all three responses here. The Motion for Extension of Time, which remains pending, shall therefore be **DENIED** as **MOOT**.

settlement in his IFP Motion because he believed the confidentiality agreement prohibited him from doing so and because the settlement funds were disbursed to his fiancée, Sarah Volk. (Doc. 10, pp. 1-2; Doc. 11, pp. 2-3). Plaintiff explains that Ms. Volk used the money to pay his appellate attorney's fees. *Id*. He also explains that the regular third-party deposits to his trust fund account were merely the book royalties that he disclosed in his IFP Motion.[2] (Doc. 2, p. 1; Doc. 10, p. 2; Doc. 11, pp. 2-3). Plaintiff spent this money on commissary items. (Doc. 10, p. 2). He described these omissions as "simple human error" and "honest mistake[s]," rather than any attempt to "conceal assets." (Doc. 10, p. 2; Doc. 11, pp. 2-3).

The final Response consists of an affidavit filed by Sarah Volk, in which she confirms that she is Plaintiff's fiancée. (Doc. 12, p. 2). Ms. Volk states that she received Plaintiff's settlement check in the amount of $10,000, and that she used the funds to pay Plaintiff's appellate attorney's fees. *Id*. She enclosed a copy of the check with the affidavit. (Doc. 12, p. 3). The check is made payable to her in the amount of $10,000 and is dated February 23, 2017. *Id*. The Response also includes a copy of Plaintiff's Power of Attorney appointing Sarah Volk to act as his attorney-in-fact and agent with respect to financial transactions and "to make monetary gifts or donations on [Plaintiff's] behalf." (Doc. 12, pp. 4-14).

## Discussion

The federal statute that authorizes parties to proceed *in forma pauperis* also compels district courts to "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Any doubt about the statute's mandatory dismissal requirement is dispelled by the Seventh Circuit's admonition that once "the allegation of poverty [is proven] false, the suit ha[s] to be dismissed; the judge ha[s] no choice." *Thomas v.*

---

[2] The Court accepts this explanation as adequate. In his IFP Motion, Plaintiff disclosed his receipt of "royalties in the range of $1000.00 - $1200.00 per year depending on sales" of his publication. (Doc. 2, p. 1). The trust fund deposits were within this range. *Id*.

3

*Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (citing 28 U.S.C. § 1915(e)(2)(A)). *See also Lofton v. SP Plus Corp*, 578 F. App'x 603, 604 (7th Cir. 2014)). The only remaining question under these circumstances is whether the dismissal should be with or without prejudice. *Thomas*, 288 F.3d at 306.

Although a district judge should generally consider lesser sanctions before dismissing a case with prejudice, the court's authority to enter a dismissal with prejudice "in an appropriate case is beyond question." *Id*. As the Seventh Circuit has explained, "[d]ismissal with prejudice may [be] the only feasible sanction for this [IFP application] perjury designed to defraud the government." *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011); *Thomas*, 288 F.3d at 306-07.

Plaintiff's allegation of poverty in the IFP Motion is clearly untrue. There is no question that he received $10,000 during the six months preceding this action and well within the twelve-month disclosure period in the IFP application. (Doc. 2, p. 1; Docs. 10-11). Plaintiff claims that he did not disclose this settlement because a confidentiality provision in his settlement agreement with Will County Jail prohibited him from doing so. (Docs. 10-11). The Court is not persuaded by this argument. *Id*.

Plaintiff was not required to disclose the source of his funds – he was not required to tell the Court that the $10,000 came from a settlement or identify which of his numerous cases settled for this amount. In other words, Plaintiff did not have to breach a confidentiality agreement in order to truthfully and accurately complete the IFP application. It simply required him to disclose the amount of his income, assets, and debts. (Doc. 2, pp. 1-2).

Moreover, the application offered Plaintiff numerous opportunities for disclosure. For example, the applicant was asked to disclose whether he received income from "any other sources" during the past twelve months. (Doc. 2, p. 1). Plaintiff checked "no." *Id*. The

application required Plaintiff to disclose the "[a]mount of money that [he] ha[s] in cash or in a checking or savings account." (Doc. 2, p. 2). He listed "0." *Id*. Finally, the application instructed him to disclose "[a]ny . . . other financial instrument or thing of value that [he]own[s], **including any item of value held in someone else's name**." *Id*. (emphasis added). He disclosed "NONE." *Id*. This was simply untrue.

Plaintiff received a settlement on February 23, 2017. (Doc. 12, p. 3). He admittedly received the settlement from Will County Jail. (Docs. 10-11). Review of public records and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Brian Trainauskas is the *only* plaintiff in three cases against Will County Jail that settled on April 11, 2017. *See Trainauskas v. O'Leary*, No. 14-cv-04437 (N.D. Ill.) (Doc. 101); *Trainauskas v. Adams*, No. 15-cv-00820 (N.D. Ill.) (Doc. 86); *Trainauskas v. Kaupas*, No. 15-cv-09318 (N.D. Ill.) (Doc. 73). *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Ms. Volk was not a plaintiff in any of the three cases. The decision to route all settlement funds to her was Plaintiff's. The decision to relinquish physical control over the money was also Plaintiff's. In the process, Plaintiff certainly did not relinquish *all* control over the funds, given that the entire amount was allegedly used to pay his attorney.

This is not the first time that this District has dealt with this issue. *See Norfleet v. Benton, et al.*, No. 09-cv-00347-JPG-PMF (S.D. Ill.). In *Norfleet*, the defendants filed a Motion for Sanctions (Doc. 177) seeking dismissal of the case, after learning that Plaintiff failed to disclose a $26,000 settlement in his IFP application. Just like Plaintiff, Norfleet maintained that he never had physical control over the money because his mother used the settlement funds to pay off his attorney. (Doc. 171). Norfleet's mother submitted an affidavit confirming this and indicated

5

that she also used the funds to purchase household items. (Docs. 176, 176-1 and 176-2). The Court was not persuaded by Norfleet's argument. (Doc. 182, p. 2). It found that Plaintiff failed to disclose the funds in his IFP application while affirmatively representing to the Court that he had not received any funds in the last twelve months. *Id*. On these facts, the Court found Norfleet's allegation of poverty untrue, granted the motion for sanctions, revoked his IFP status, and dismissed the case with prejudice. (Doc. 182, p. 3).

Plaintiff finds himself in the same position as Norfleet. He failed to disclose the $10,000 that he received during the twelve months preceding this action. At the same time, he affirmatively represented to the Court that he received income from no other sources during the twelve months preceding this action. (Doc. 2, p. 1). He disclosed no money that he had in cash or in a checking or savings account. (Doc. 2, p. 2). He also disclosed no other assets "held in someone else's name." *Id*. Plaintiff's decision to relinquish physical possession over the funds does not render him impoverished.

His decision to use the funds to pay off an attorney – or spend the funds in some other manner – also does not render him impoverished. "If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, he has demonstrated an implied evaluation of that suit that the courts should be entitled to honor." *See Merritte v. Templeton*, 493 F. App'x 782, 784-85 (7th Cir. 2012) (quoting *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997)). *See also Kennedy v. Huibregtse*, 2015 WL 13187300 (E.D. Wis. 2015) (dismissing case as sanction against IFP applicant who "hid from the court the fact that he had a separate account with four times the amount needed to pay [the] filing fee" while claiming he was "too impoverished" to pay the fee in advance of filing his lawsuit.").

For the foregoing reasons, the Court concludes that Plaintiff's allegation in the IFP Motion is untrue, and this case must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(A). The question is whether dismissal should be with prejudice. *Thomas*, 288 F.3d at 306. In that vein, the Court has considered lesser sanctions, including a written warning, fines, and dismissal without prejudice.

In this particular case, the Court finds that dismissal of this case *without* prejudice is the most appropriate sanction. Plaintiff may not pursue his claims in *this* action, given his misrepresentations to the Court in the IFP Motion. But he may re-file his Complaint as a *separate* suit if he would like to do so. However, Plaintiff is **WARNED** that that future omissions of financial information in an IFP application will result in harsher sanctions. These sanctions may include dismissal with prejudice and/or fines, among other things.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **DENIED** and this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) because Plaintiff's allegation of poverty in his Motion for Leave to Proceed *in forma pauperis* is untrue. **A separate Order regarding payment of the filing fee for this action will be entered.**

Plaintiff is **ADVISED** that this dismissal shall not count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's pending motions, including his Motion for Recruitment of Counsel (Doc. 3), Motion for Extension of Time (Doc. 9), and Motion for Status (Doc. 13), are **DENIED** as **MOOT**.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to enter judgment and **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: February 1, 2018**

                                                   **s/ STACI M. YANDLE**
                                                   **U.S. District Judge**